UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIAN LAFERRIERE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 04 C 2387 |
| v. ) | |
| ) | Judge John W. Darrah |
| SYSTEM PARKING, INC. and LOCAL 727 UNION, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

System Parking, Inc. moves to dismiss Plaintiff's Complaint as a sanction for Plaintiff's failure to disclose that counsel was appointed for him in other civil cases in his Motion for Appointment of Counsel filed in this case.

On March 19, 2004, Plaintiff filed suit in federal court, Case No 04 C 2087. At the same time, he filed a Motion for Appointment of Counsel. On March 31, 2004, Plaintiff's Motion for Appointment of Counsel in case No. 04 C 2087 was granted.

On April 1, 2004, Plaintiff filed another suit in federal court, Case No. 04 C 2387 (the case presently before this Court). That same day, Plaintiff filed a Motion for Appointment of Counsel in Case No. 04 C 2387. The Motion for Appointment of Counsel requires that applicant check a box indicating he is/was or is not/has not been appointed counsel in any other civil or criminal proceeding before the court. If the applicant is/has been appointed counsel in another case, the applicant is to complete the required information on the back of the page. As to this first Motion for Appointment of Counsel in Case No. 04 C 2387, Plaintiff did not check either box and did not indicate he was appointed counsel in Case No. 04 C 2087.

On April 15, 2004, Plaintiff filed a third suit in federal court, Case No. 04 C 2725. That same day, Plaintiff filed a Motion for Appointment of Counsel in Case No. 04 C 2725. Plaintiff did not check either box as to whether he had been appointed counsel in any other case and did not indicate that he had been appointed counsel in Case No. 04 C 2087. Plaintiff's Motion for Appointment of Counsel in Case No. 04 C 2725 was granted on April 23, 2004.

On April 27, 2004, Plaintiff filed a second Motion for Appointment of Counsel in Case No. 04 C 2387. Plaintiff again did not check either box relating to appointment of counsel in other cases and did not indicate that had been appointed counsel in Case Nos. 04 C 2087 and 04 C 2725. On August 11, 2004, Plaintiff's suit in Case No. 04 C 2387 was dismissed for Plaintiff's failure to prosecute his claim. On August 24, 2004, Plaintiff's Motion for Reconsideration was granted; and Plaintiff's suit was reinstated. Plaintiff was ordered to file a new Motion for Appointment of Counsel.

On August 24, 2004, Plaintiff filed a third Motion for Appointment Counsel in Case No. 04 C 2387. Plaintiff again failed to check either box as to whether he had previously or was presently represented by appointed counsel in other lawsuits before the court. On October 6, 2004, Plaintiff's Motion for Appointment of Counsel was granted.

On November 10, 2004, Plaintiff filed a fourth Motion for Appointment of Counsel seeking to change his appointed counsel because of his belief that his appointed counsel was not working with him. In this motion, Plaintiff did check the box indicating he is currently being represented by appointed counsel in other suits before the court and identified the other suits on the back of the page as required.

System Parking, Inc. moves for the sanction of dismissal of Plaintiff's suit in light of Plaintiff's committing perjury in his Motions for Appointment of Counsel. Plaintiff responds that his failure to disclose other counsel in other civil suits was due to his inexperience in completing and filing motions in court.

The court has inherent authority to rectify abuses to the judicial process, including sanctions for certain misconduct. *See Dotson v. Bravo*, 321 F.3d 663, 667 (7th Cir. 2003) (*Dotson*). Dismissal of a suit based on the court's inherent power is perceived as a draconian measure. In deciding if sanctions are appropriate, the court considers the egregiousness of the misconduct in relation to all aspects of the judicial process. *See Dotson*, 321 F.3d at 667.

In the instant case, Plaintiff contends that his failure to accurately complete his motions was due to his lack of knowledge and was not intentional. The history of Plaintiff's filings demonstrate that Plaintiff was consistent in his failure to accurately complete the motions for appointment of counsel. There is no evidence demonstrating that Plaintiff intentionally provided false information in an effort to deceive the Court. Furthermore, System Parking, Inc. fails to identify any prejudice to System Parking, Inc. by Plaintiff's failure to identify counsel appointed in other suits. While not condoning inaccurate filings and/or carelessness in completing filings, the sanction of dismissal is not appropriate under the present facts.

For the reasons stated above, System Parking, Inc.'s Motion for Sanctions is denied.

Dated: January 27, 2005

JOHN W. DARRAH
United States District Judge