UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIAN LAFERRIERE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 04 C 2387 |
| | ) |
| SYSTEM PARKING and | ) Judge John W. Darrah |
| TEAMSTERS LOCAL UNION LOCAL 727, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Marian Laferriere, filed suit, *pro se*, against Defendants, System Parking and Teamsters Local Union No. 727, alleging violations of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981 based on race. Presently pending before the Court is the Union's Motion to Dismiss.

## BACKGROUND

A reading of the Complaint supports the following summary of the alleged operative conduct of the parties.

Laferriere began his employment with System Parking as a part-time cashier in September 2001. On or about June 1, 2003, the Union and System Parking began engaging in racially discriminatory acts against Laferriere. In June 2003, Laferriere's employment was terminated when he called in sick for one day. The termination occurred at a time when a fellow non-white female employee was regularly permitted to call in sick and to frequently arrive late to work without the imposition of sanctions. After filing a grievance, Laferriere was reinstated as an employee.

In October 2003, Laferriere was denied the opportunity to obtain full-time employment status. A cashier's position that had become available was offered to two non-white female employees as a full-time position but was offered to Laferriere only as a part-time position. Laferriere was required to share the position with a less-senior, non-white female employee who was scheduled to work a greater proportion of the hours allotted for the position. During his employment, Laferriere was never offered the opportunity to work shifts of female employees who did not work their shifts, and non-white females with less seniority than Laferriere were regularly scheduled to work a greater number of hours.

## ANALYSIS

In reviewing a motion to dismiss, the court considers all allegations in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corp. Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000); *Lee v. City of Chi.*, 330 F.3d 456, 459 (7th Cir. 2003). Dismissal is warranted if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "A suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim." *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995). A "plaintiff is not compelled to plead facts or legal theories or cases or statutes, but merely to describe his claim briefly and simply." *Shah v. Inter-Continental Hotel Chi. Operating Corp.*, 314 F.3d 278, 282 (7th Cir. 2002).

"In adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard v. Israel*

2

*Discount Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999); *McBride v. Routh*, 51 F. Supp. 2d 153, 155 (D. Conn. 1999) (*McBride*). In employment discrimination cases, a plaintiff's "EEOC charges may be considered either as matters referenced in the complaint or as public records subject to judicial notice." *McBride*, 51 F. Supp. 2d at 155 (D. Conn. 1999), *quoting Gallo v. Bd. of Regents of U. of Cal.*, 916 F. Supp. 1005, 1007 (S.D. Cal. 1995).

When considering a motion to dismiss a complaint filed by a *pro se* plaintiff, the Court "must construe *pro se* pleadings broadly, and interpret them 'to raise the strongest arguments they suggest.'" *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000), *quoting Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996). *Pro se* allegations are held to "less stringent standards than formal pleadings drafted by lawyers," and *pro se* papers must be read liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, *pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Birl v. Estelle*, 660 F.2d 83, 85 (5th Cir. 1981); *Canty v. Wackenhut Corrections Corp.*, 255 F. Supp. 2d 113, 116 (E.D.N.Y. 2003) (*Canty*).

The Union argues that Laferriere's Complaint fails to state a claim upon which relief can be granted because of his failure to exhaust administrative remedies with the Equal Employment Opportunity Commission (EEOC) prior to bringing the claim.

As a general matter, a plaintiff's exhaustion of administrative remedies through the EEOC stands as "an essential element of the Title VII statutory scheme." *Francis v. City of New York*, 235 F.3d 763, 768 (2d Cir. 2000) (*Francis*), *quoting Butts v. N.Y.C.*, 990 F.2d 1397, 1401 (2d Cir. 1993). A Title VII plaintiff must exhaust all required administrative remedies before seeking judicial relief. *Foster v. JLG Indus.*, 372 F. Supp. 2d 792, 802 (M.D. Pa. 2005). The exhaustion of administrative remedies through the EEOC is a precondition to bringing a Title VII claim in federal court. *Gibson v. West*, 201 F.3d 990,

3

994 (7th Cir. 2000); *Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 126 (7th Cir. 1989). Unless a complaint asserts the satisfaction of the precondition to suit specified in Title VII, it does not state a claim upon which relief may be granted. *Robinson v. Dalton*, 107 F.3d 1018, 1022 (3rd Cir. 1997). Both "the complaint filed in the district court and the charge filed with the EEOC must, at a minimum, describe the same circumstances and participants." *Conner v. Ill. Dept. of Nat. Resources*, ___ F.3d ___, ___ 2005 WL 1540248 *4 (7th Cir. July 1, 2005).

Exhaustion of administrative remedies through the EEOC is a condition precedent with which defendants are entitled to insist that plaintiffs comply. *Francis*, 235 F.3d at 768. A failure-to-exhaust affirmative defense is similar to a statute-of-limitations defense. *Williams v. Runyon*, 130 F.3d 568, 573 (3d Cir. 1997); *Lewis*, 355 F. Supp. 2d at 616. As a general rule, the disposition of an affirmative defense is not appropriate at the motion to dismiss stage because the burden of proving an affirmative defense is on the defendant; and the plaintiff is under no obligation to anticipate and include allegations in his complaint negating that defense. *Lawrence v. Richman Group Capital Corp.*, 358 F. Supp. 2d 29, 35 (D. Conn. 2005) (*Lawrence*). Although dismissal of a complaint based on an affirmative defense at the motion to dismiss stage is permissible, and dismissal may be appropriate in instances where the affirmative defense appears on the face of the complaint and the grounds for dismissal are not dependent on facts outside the complaint, a dismissal of the complaint is not required. *See Lawrence*, 358 F. Supp.2d at 35-36.

In the instant case, a dismissal of Plaintiff's claim based on the affirmative defense of failure to exhaust rests on a determination that Laferriere either failed to file a charge with the EEOC naming the Union as respondent or failed to obtain a right-to-sue letter from the EEOC authorizing suit of the Union, or both.

Laferriere alleges in his Complaint affirmative acts which constitute the "satisfaction of the preconditions" necessary to sue under Title VII. Specifically, Laferriere represents both that he filed a claim against the Union with the EEOC and that he obtained a right-to-sue letter from the EEOC. Absent a concession by Laferriere or contradiction in the record indicating that he failed to satisfy these preconditions, his allegations asserting acts of compliance must be taken as true. The fact that certain documents, alleged by Laferriere to be appended to the Complaint, are not attached to the Complaint is not dispositive of his failure to satisfy these preconditions.

At this stage of the proceedings, the Court will not determine if the conditions precedent were in fact satisfied and, therefore, cannot conclude that Laferriere could prove no set of facts under which a claim of failure-to-exhaust defense would be denied. Nor at this stage of the litigation can the Court conclude that there are no issues of fact with respect to the Union's involvement in the alleged discrimination.

Laferriere also argues that the Union, by failing to raise the issue earlier, has waived the opportunity to raise the affirmative defense of failure to exhaust. In light of the above ruling, the Court need not address this issue at this time.

## CONCLUSION

For the reasons stated above, the Union's Motion to Dismiss is denied.

Dated August 22, 2005

JOHN W. DARRAH
United States District Judge